**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-80675-CV-MIDDLEBROOKS

ISAAC SCHARF, *et al.*,

    Plaintiffs,

V.

BOCA GROVE PROPERTY OWNER'S
ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss, filed on June 26, 2025. (DE 6). The Motion is fully briefed. (DE 10; DE 11). On review, the Motion is granted.

This matter arises from claimed violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604. Plaintiffs are a family of observant Orthodox Jews, who claim that Defendant, a country club community, engaged in discriminatory conduct by suspending Plaintiff Isaac Sharf from community amenities and events for 90 days. (DE 1 ¶ 9). In a lengthy Complaint, Plaintiffs aver that this action was taken in response to a viral video filmed by Sharf and a Jewish golf influencer, Jake Adams, which "brought attention to Orthodox Jewish life at Boca Grove and made the community look inviting and welcoming to Orthodox Jews, thus interfering with their goal of driving the Orthodox community away and reducing its visibility." (*Id.* ¶ 8). Plaintiff brought this action on May 30, 2025, claiming unlawful discrimination and interference with the enjoyment of his rights under the Fair Housing Act. (*Id.* ¶¶ 181-86, 187-92). Defendant now moves to dismiss the Complaint with prejudice, citing Federal Rule 12(b)(6).

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must … contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. V. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). Because this cause comes before the Court on a Motion to Dismiss, the Court must accept all facts in the Complaint as true and construe them in the light most favorable to the Plaintiff. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004).

Defendant raises three principal arguments for dismissal. First, Defendant claims Plaintiffs have failed to exhaust pre-suit procedural requirements imposed by state law, citing Fla. Stat. § 720.311. Second, Defendant contends dismissal is warranted under the rule of judicial deference. *See Naked Lady Ranch, Inc. v. Wycoki*, 287 So. 3d 587, 590 (Fla. 4th DCA 2019). Finally, Defendant insists the Complaint constitutes a shotgun pleading. Because it is dispositive, I address only the first of these contentions.

Under Florida Law, parcel owners seeking to raise disputes with their housing association must first issue a pre-suit mediation demand, so the parties may attempt to reach a resolution without court involvement. Specifically, Fla. Stat. § 720.311 provides:

> Disputes between an association and a parcel owner regarding use of or changes to the parcel or the common areas and other covenant enforcement disputes, disputes regarding amendments to the association documents, disputes regarding meetings of the board

> and committees appointed by the board, membership meetings not including election meetings, and access to the official records of the association shall be the subject of a demand for presuit mediation served by an aggrieved party before the dispute is filed in court.

Fla. Stat. § 720.311(2)(a). Failure to comply with the pre-suit demand for mediation results in dismissal of disputes filed in court. *See, e.g.*, *Steinberg v. Fiesta Homeowners Ass'n, Inc.*, No. 4D2024-0437, 2025 WL 1449977, at *1 (Fla. 4th DCA May 21, 2025). Plaintiffs do not contest the requirements of Fla. Stat. § 720.311, nor do they challenge the applicability of the provision to the facts of this case. Instead, their sole rebuttal against dismissal is that Fla. Stat. § 720.311 is superseded by the Supremacy Clause of the United States Constitution, as the state requirement for mediation is preempted by the FHA. (DE 10 at 4-5).

Under the Supremacy Clause, federal law supersedes state law when the two conflict. *See* U.S. CONST. art. VI, cl. 2; *Jones v. Rath Packing Co.*, 430 U.S. 519, 525–26 (1977). Courts generally recognize "three classes of preemption." *United States v. Alabama*, 691 F.3d 1269, 1281 (11th Cir. 2012). These include (1) express preemption, (2) field preemption, and (3) conflict preemption. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1094 (11th Cir. 2021). For all three classes, "the purpose of Congress is the ultimate touchstone." *Id.* "[E]xpress preemption . . . arises when the text of a federal statute explicitly manifests Congress's intent to displace state law." *Alabama*, 691 F.3d at 1281. Field preemption exists "when a congressional legislative scheme is so pervasive" that "Congress left no room for the states to supplement it." *Id.* Finally, conflict preemption occurs "when it is physically impossible to comply with both the federal and the state laws" or "when the state law stands as an obstacle to the objective of the federal law." *Id.*

Plaintiffs do not clarify which of the three classes of preemption apply in this case. They do not cite any applicable provision of the FHA expressly preempting state law, nor do they argue that the FHA is so pervasive as to fully occupy the field of housing discrimination and dispute resolution. On my own review of the FHA and controlling law, I find these omissions appropriate,

3

as the FHA neither expressly preempts Florida law nor does it so fully occupy the field as to crowd out Fla. Stat. § 720.311. This dearth, combined with the few cases cited, suggest that Plaintiffs are proceeding under the third type of preemption, that the FHA impermissibly conflicts with Fla. Stat. § 720.311. (*See* DE 11 at 4 (citing, *inter alia*, *Hous. Opportunities Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc., Inc.*, 510 F. Supp. 2d 1003, 1013–14 (S.D. Fla. 2007))). They insist that "Congress did not intend for plaintiffs' access to a court for an FHA claim to be impeded" by pre-suit mediation requirements. (*Id.* at 5). I am not persuaded.

At the outset, pre-suit mediation does not make it "impossible" to comply with both statutes. Unlike in the cases Plaintiffs cite, Fla. Stat. § 720.311 does not operate to wholly foreclose or otherwise substantially limit their remedies under the FHA. *See Key Colony No. 4*, 510 F. Supp. 2d at 1013–14 (holding state law as applied was preempted by the FHA because it rendered certain parties immune from suit); *Sabal Palm Condo. of Pine Island Ridge Ass'n, Inc. v. Fischer*, Case No. 12-60691-CIV, 2014 WL 988767 at *4 (S.D. Fla. Mar. 13, 2014) (same). Rather, the proper arrangement between the statutes permits a plaintiff to seek remedies under the FHA after serving a demand for pre-suit mediation. This hardly constitutes "physical impossibility." *See Larkin v. State of Mich. Dep't of Soc. Servs.*, 89 F.3d 285, 289 (6th Cir. 1996) (FHA preempts state law where "it is not possible to comply with both the state and the federal laws").

Further, the mediation requirement of Fla. Stat. § 720.311 does not impermissibly interfere with the objectives of the FHA. The Supreme Court has explained that a state law poses an unconstitutional obstacle to federal objectives when "the purpose of the [federal] act cannot otherwise be accomplished," "its operation within its chosen field . . . [is] frustrated," or "its provisions [are] refused their natural effect." *MSP Recovery Claims Series LLC v. United Automobile Ins. Co.*, 60 F.4th 1314, 1322 (11th Cir. 2023) (quoting *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 373 (2000)). In other settings, the Eleventh Circuit has found that

4

pre-suit demand requirements do not meet the "relatively high bar" of conflict preemption. *Id.* In *MSP Recovery Claims Series LLC v. United Automobile Ins. Co.*, the court upheld a similar pre-suit demand requirement for suing automobile insurers, finding that the state law was not preempted by federal Medicare law. *Id.* at 1320-22. In so holding, the court explained that "the Florida law does not prevent or meaningfully impede the reimbursement of Medicare Advantage Organizations that Congress sought to facilitate." *Id.* at 1322; *accord MSPA Claims 1, LLC v. Liberty Mutual Fire Ins. Co.*, Case No. 17-22539, 2025 WL 643208 at * 5 (S.D. Fla. Feb 25, 2025) So too here. Fla. Stat. § 720.311 does not "meaningfully impede" Plaintiffs' access to remedies under the FHA. It simply requires them to file a demand on Defendant first before proceeding to federal court. This does not amount to an unconstitutional interference with Congress's scheme under the FHA. *Cf. Massaro v. Mainlands Section 1 & 2 Civic Ass'n, Inc*., 3 F.3d 1472, 1480 (11th Cir. 1993); *see also id.* at 1480 n.17 ("Senators Kennedy and Specter and Representative Edwards also expressed the opinion that Congress did not intend to preempt local laws [through the FHA]." (citing 24 C.F.R. Ch. 1, Subch. A, App. I at 902)).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) The Motion to Dismiss (DE 6) is **GRANTED**.

(2) Plaintiffs' Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE**.

(3) The Clerk of Court shall **CLOSE** this case and **DENY** all pending motions as moot.

**SIGNED** in Chambers at West Palm Beach, Florida this 22nd day of August, 2025.

Donald M. Middlebrooks
United States District Judge

CC: Counsel of Record